UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


CHARLES PHILLIP CLARK,

      Petitioner,

v                                      Case No. 4:06-cv-32

STATE OF MICHIGAN,                     Hon. Wendell A. Miles

      Respondent.

_____/


<u>ORDER ON PETITIONER'S APPEAL FROM MAGISTRATE JUDGE'S ORDER
DENYING EVIDENTIARY HEARING</u>


On April 3, 2004, Michigan prisoner Charles Phillip Clark filed a petition for writ of

habeas corpus asserting four separate grounds for relief.[1]  Petitioner subsequently requested an

evidentiary hearing, which was denied by Magistrate Judge Ellen S. Carmody in an order entered

on June 18, 2007.  Petitioner has appealed that order to this court.  <u>See</u> Motion to Appeal

Evidentiary Hearing Denial and to Expand the Record (doc. no. 26).

This court reviews an order by a Magistrate Judge on any nondispositive matter only to

determine whether the order is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A);

Fed.R.Civ.P. 72(a); W.D.Mich.L.Civ.R. 72.3(a); <u>see</u> <u>United States v. Curtis</u>, 237 F.3d 598, 603

(6th Cir. 2001) ("clearly erroneous or contrary to law" standard of review applies where

nondispositive preliminary matters determined by a magistrate judge are challenged in the

---

[1]Petitioner has since been granted leave to withdraw two unexhausted claims (Issues III
and IV) from the petition.

district court); see also Madsen v. Hudson, No. 1:06-cv-968, 2007 WL 710210, *1 (N.D. Ohio

Mar. 6, 2007) (order granting evidentiary hearing "is squarely within the scope of

'nondispositive' matters governed by 28 U.S.C. § 636(b)(1)(A)").  Here, the Magistrate Judge

was correct that a state prisoner must satisfy a strict standard before he is entitled to an

evidentiary hearing on a habeas petition filed in federal court.  The Antiterrorism and Effective

Death Penalty Act ("AEDPA") greatly curtailed federal habeas court discretion to conduct

evidentiary hearings under certain circumstances.  Specifically, "AEDPA generally prohibits

federal habeas courts from granting evidentiary hearings when applicants have failed to develop

the factual bases for their claims in state courts."  Schriro v. Landrigan, 127 S.Ct. 1933, 1939 n.1

(2007) (citing 28 U.S.C. § 2254(e)(2)).

Petitioner's request for an evidentiary hearing (doc. no. 23) consists of a single-paragraph

document, accompanied by an attached letter asking how he can obtain access to the state court

records.  Petitioner has made no attempt to establish that this case meets the requirements of 28

U.S.C. § 2254(e)(2); in fact, he has not even acknowledged these requirements.  Under the

circumstances, the Magistrate Judge's finding that petitioner has not satisfied the standard for an

evidentiary hearing is neither clearly erroneous nor contrary to law.

Moreover, it is noted that in this case, the petition clearly reflects that petitioner has not

raised his claims for relief in a motion for relief from judgment filed in the state court.[2]  Had

plaintiff filed such a motion in state court, he could have requested that court to hold an

evidentiary hearing; Michigan's court rules authorize its courts to conduct an evidentiary hearing

---

[2]"Motions for relief from judgment" are post-appeal motions provided for by Mich. Ct.
R. 6.500 et seq.  Burroughs v. Makowski  411 F.3d 665, 668 (6th Cir. 2005).

on a motion for relief from judgment.  Mich. Ct. R. 6.508(C).  Under the circumstances, the

Magistrate Judge was correct in concluding that petitioner has not demonstrated that he has been

diligent in discovering the factual predicate of his currently pending claims.

Finally, to the extent that petitioner asserts (in the letter accompanying his motion) that

he has been denied access to documents relevant to his petition, petitioner has not identified with

specificity any documents which he needs, apart from transcripts.  However, because petitioner

filed voluminous attachments with his petition, including portions of transcripts, it is apparent

that he has at some point been provided with parts of the record, for they had to have been in his

possession in order for him to submit them to the court.  Moreover, although petitioner states that

his trial and appellate counsel and the state court have denied his requests for documents,

petitioner has not demonstrated that he has made any effort to obtain copies of the documents

since the conclusion of the case in state court; to the contrary, documents attached to the petition

reflect only that petitioner made such requests while the state proceedings were still pending.  If

he has not already done so since the conclusion of his state appeals, petitioner should contact his

appellate counsel to secure copies of records relevant to the petition which have not already been

provided to him.[3]  Absent documentation of such a request, the court is not inclined to order the

respondent to serve copies of the voluminous Rule 5 materials on petitioner.

---

[3]The Michigan Rules of Professional Conduct, and specifically Rule 1.16(d), provide, in pertinent part, that upon termination of representation,

> a lawyer shall take reasonable steps to protect a client's interests, such as . . . surrendering papers and property to which the client is entitled, . . . . The lawyer may retain papers relating to the client to the extent permitted by law.

## <u>Conclusion</u>

For the foregoing reasons, petitioner's appeal of the Magistrate Judge's order denying an

evidentiary hearing is **rejected**, and any objections to that order are **overruled**.

So ordered this 11th day of March, 2008.


<u>/s/ Wendell A. Miles</u>
Wendell A. Miles, Senior Judge