UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES CLARK,

       Petitioner,

                                     Case No. 4:06-CV-32

v.

                                     HON. ROBERT HOLMES BELL

CAROL HOWES, Warden,

       Respondent.
                                   /

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on Petitioner Charles Phillip Clark's objections to the Magistrate Judge's June 22, 2009, Report and Recommendation ("R&R") recommending that Petitioner's § 2254 petition for writ of habeas corpus be denied. The R&R was duly served on the parties. Petitioner filed objections to the R&R on August 14, 2009. (Dkt. No. 41.)

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Although the Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner's lengthy objections fall into three basic categories. First, Petitioner objects to the Magistrate Judge's finding that there was no inconsistency between the statements victim Donald Evans made to the police and the testimony Evans offered at Petitioner's two trials. In support of this objection, Petitioner compares the testimony of Detective Wood with the testimony of Evans. Any discrepancy between Wood's testimony and Evans's testimony, however, does not suggest any inconsistency in Evans's testimony, nor does it support Petitioner's assertion that the prosecutor elicited false testimony.

Second, Petitioner objects to the Magistrate Judge's conclusion that Petitioner presented no evidence that the prosecutor unlawfully failed to provide Petitioner with fingerprint evidence allegedly removed from a beer bottle. Petitioner contends that contrary to the Magistrate Judge's conclusion, he did in fact present transcripts which show that the prosecution never identified the fingerprint as an exhibit, admitted the fingerprint into evidence, or produced the fingerprint to the jury during any court proceeding.

Petitioner's objection is not responsive to the R&R. The R&R did not address production during the course of the trial. The R&R merely found that "Petitioner has submitted no evidence that either the actual beer bottle in question or the results of any fingerprint analyses were not made available to Petitioner prior to trial." (R&R 12.) This finding is correct.

Finally, Petitioner contends that trial counsel was ineffective for failing to investigate the fingerprint evidence and for failing to impeach Evans's credibility. The R&R correctly

found that Petitioner failed to show that his attorney's performance was deficient and that it prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To the extent Petitioner has raised additional objections that do not fall within these three basic categories, they are adequately addressed in the R&R. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 41) are **DENIED**.

**IT IS FURTHER ORDERED** that the June 22, 2009, R&R (Dkt. No. 38) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: September 14, 2009 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE